# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PENSACOLA DIVISION

**MIGUEL ANGEL RIOS,**

      **Petitioner,**

**v.**                         **Case No.  3:15cv576-LC/CAS**

**JULIE L. JONES, Secretary,
Department of Corrections,**

      **Respondent.**
_____/

## REPORT AND RECOMMENDATION TO DENY § 2254 PETITION

On December 23, 2015, Petitioner, Miguel Angel Rios,[1] a prisoner in

the custody of the Florida Department of Corrections, proceeding pro se,

filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254

challenging the conviction and sentence entered by the circuit court in

Escambia County, Florida.  ECF No. 1.  The Respondent filed a response

to the petition on February 1, 2017.  ECF No. 24.  Petitioner filed a reply on

April 4, 2017.  ECF No. 26.

The matter was referred to the undersigned United States Magistrate

Judge for report and recommendation pursuant to 28 U.S.C. § 636 and

---

[1] The state court record refers to Petitioner as Miguel Angel Rios, Jr.

Northern District of Florida Local Rule 72.2(B). After careful consideration of all the issues raised, the undersigned has determined that no evidentiary hearing is required for disposition of this case. *See* Rule 8(a), R. Gov. § 2254 Cases in U.S. Dist. Cts. For the reasons set forth herein, the pleadings and attachments before the Court show that Petitioner is not entitled to federal habeas relief and this § 2254 petition should be denied.

## Background and Procedural History

On October 13, 2011, Petitioner was charged by Information with the September 22, 2011, offenses of trafficking in cocaine and possession of a firearm by a convicted felon. Ex. A at 2.[2] A nolle prosequi was subsequently entered as to the firearm charge. Ex. A at 6. Petitioner filed a motion to suppress statements he made and the cocaine seized when he was arrested, and an amended motion was filed to suppress evidence including evidence seized under a search warrant. Ex. A at 8-9, 21-23. The trial court granted the motion to suppress the evidence seized under the search warrant. Ex. A at 39. The State filed a notice of intent to seek habitual felony offender sentencing pursuant to section 775.084(1)(a), Florida Statutes (2011). Ex. A at 13.

---

[2] Hereinafter, citations to the state court record, "Ex. –," refer to exhibits A through P submitted in conjunction with Respondent's response. *See* ECF No. 24.

Jury trial was held on May 31, 2012, at which Petitioner was found guilty of trafficking in cocaine, 28 grams or more but less than 200 grams, as charged in the Information.  Ex. A at 55; Ex. D at 519 (transcript pagination); Exs. B, C, D.  Petitioner was sentenced to 25 years in prison as a habitual felony offender, with a three year mandatory minimum term, with credit for 294 days time served, plus certain fees, fines, and costs.[3] Ex. A at 79, 101-106.

Petitioner appealed to the state First District Court of Appeal raising one issue:  Whether the trial court erred in admitting evidence seized from Petitioner based on a probability of tampering with the evidence.  Ex. E. The appellate court affirmed per curiam without written opinion on April 15, 2013.  Ex. G.  The mandate was issued on May 1, 2013.  Ex. H.  *See* Rios v. State, 110 So. 3d 445 (Fla. 1st DCA 2013) (table).

On January 24, 2014, Petitioner filed a petition for writ of habeas corpus in the state First District Court of Appeal, alleging that appellate counsel rendered ineffective assistance by failing to raise on direct appeal a sentencing error concerning the trial court's consideration of impermissible sentencing factors.  Ex. I.  The petition was denied on the

---

[3] The sentencing documents note that this sentence is concurrent with a federal sentence Petitioner was then serving.  Ex. A at 107.

merits on February 18, 2014.  Ex. J.  *See* Rios v. State, 132 So. 3d 1205

(Fla. 1st DCA 2014) (mem.)

On April 7, 2014, Petitioner filed a motion for post-conviction relief

pursuant to Florida Rule of Criminal Procedure 3.850 alleging two

grounds.[4]  Ex. K at 47-74.  An evidentiary hearing was held on both claims

on October 14, 2014, at which Petitioner and his trial counsel testified.  Ex.

K at 86-113.  The motion was denied by order rendered on December 10,

2014.  Ex. K at 122-133.

Petitioner appealed the denial of post-conviction relief to the state

First District Court of appeal.  Ex. L.  That court affirmed per curiam without

opinion on August 6, 2015.[5]  Ex. O.  The mandate was issued on

September 1, 2015.  Ex. P.  *See* Rios v. State, 172 So. 3d 873 (Fla. 1st

DCA 2015) (table).

Petitioner filed his petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254 in this Court raising two grounds for relief:

---

[4] The claims raised in the Rule 3.850 motion were: (1) trial counsel rendered ineffective assistance by failing to advise Petitioner that he was facing a life sentence for trafficking in cocaine; and (2) trial counsel rendered ineffective assistance by failing to have Petitioner evaluated for competency prior to trial.  Ex. K at 49, 52.

[5] The claims raised on appeal from the denial of post-conviction relief were: (1) error in denial of claim that trial counsel rendered ineffective assistance by failing to advise Petitioner he was facing a life sentence; and (2) error in denial of claim that trial counsel rendered ineffective assistance in failing to have Petitioner evaluated for competency.  Ex. L.

Ground 1: Trial counsel rendered ineffective assistance by failing to advise Petitioner that he was facing a life sentence for trafficking in cocaine.  ECF No. 1 at 4.

Ground 2:  Trial counsel rendered ineffective assistance by failing to have Petitioner evaluated for competency because Petitioner did not have sufficient ability to consult with his attorney with a reasonable degree of rational understanding. ECF No. 1 at 6.

## Analysis

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for persons in state custody only under certain specified circumstances.  Section 2254(d) provides in pertinent part:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  *See also* Cullen v. Pinholster, 563 U.S. 170, 181 (2011); Gill v. Mecusker, 633 F.3d 1272, 1287 (11th Cir. 2011).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000) (O'Connor, J., concurring). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413 (O'Connor, J., concurring).

The Supreme Court has explained that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Harrington v. Richter, 562 U.S. 86, 102 (2011). The Court stated:

> As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings. . . . It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no further. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. Jackson v. Virginia, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring in judgment). As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Id.* at 102-03 (citation omitted). The federal court employs a " 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.' " <u>Pinholster</u>, 563 U.S. at 181 (quoting <u>Woodford v. Visciotti</u>, 537 U.S. 19, 24 (2002)).

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b). The Petitioner must have apprised the state court of the federal constitutional claim, not just the underlying facts of the claim or a "somewhat similar state-law claim." <u>Snowden v. Singletary</u>, 135 F.3d 732, 735 (11th Cir. 1998) (quoting <u>Anderson v. Harless</u>, 459 U.S. 4, 5-6 (1982)).

This Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits." <u>Pinholster</u>, 563 U.S. at 181. The state court's factual findings are entitled to a presumption of correctness and to rebut that presumption, the Petitioner must show by clear and convincing evidence that the state court determinations are not fairly supported by the record. *See* 28 U.S.C. § 2254(e)(1). However, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions" and "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the

Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502

U.S. 62, 67-68 (1991). *See also* Swarthout v. Cooke, 562 U.S. 216, 222

(2011) ("[W]e have long recognized that 'a "mere error of state law" is not a

denial of due process.' " (quoting Engle v. Isaac, 456 U.S. 107, 121, n.21

(1982))).

     For claims of ineffective assistance of counsel, the United States

Supreme Court has adopted a two-part test:

> First, the defendant must show that counsel's performance was
> deficient. This requires showing that counsel made errors so
> serious that counsel was not functioning as the "counsel"
> guaranteed the defendant by the Sixth Amendment. Second,
> the defendant must show that the deficient performance
> prejudiced the defense. This requires showing that counsel's
> errors were so serious as to deprive the defendant of a fair trial,
> a trial whose result is reliable.

Strickland v. Washington, 466 U.S. 668, 687 (1984). To demonstrate

deficient performance, a "defendant must show that counsel's performance

fell below an objective standard of reasonableness." *Id.* at 688. Counsel is

"strongly presumed to have rendered adequate assistance and made all

significant decisions in the exercise of reasonable professional judgment."

Burt v. Titlow, 134 S. Ct. 10, 17 (2013) (quoting Strickland, 466 U.S. at

690). Federal courts are to afford "both the state court and the defense

attorney the benefit of the doubt." *Id.* at 13. The reasonableness of

counsel's conduct must be viewed as of the time of counsel's conduct. *See*

Maryland v. Kulbicki, 136 S. Ct. 2, 4 (2015) (citing Strickland, 466 U.S. at

690). The Supreme Court has emphasized that a court should avoid

concluding that a particular act or omission of counsel was unreasonable

"in the harsh light of hindsight." Bell v. Cone, 535 U.S. 685, 702 (2002)

(quoting Strickland, 466 U.S. at 689).

To demonstrate prejudice under Strickland, a defendant "must show

that there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different." 466 U.S. at

694. "A reasonable probability is a probability sufficient to undermine

confidence in the outcome." *Id.*

For this Court's purposes, "[t]he question 'is not whether a federal

court believes the state court's determination' under the Strickland standard

'was incorrect but whether that determination was unreasonable—a

substantially higher threshold.' " Knowles v. Mirzayance, 556 U.S. 111,

123 (2009) (quoting Schriro v. Landrigan, 550 U.S. 465, 473 (2007)). "And,

because the Strickland standard is a general standard, a state court has

even more latitude to reasonably determine that a defendant has not

satisfied that standard." Mirzayance, 556 U.S. at 123. It is a "doubly

deferential judicial review that applies to a Strickland claim evaluated under

the § 2254(d)(1) standard." *Id.* Both deficiency and prejudice must be

shown to demonstrate a violation of the Sixth Amendment. Thus, the court need not address both prongs if the petitioner fails to prove one of the prongs. <u>Strickland</u>, 466 U.S. at 697. "The cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *See* <u>Waters v. Thomas</u>, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting <u>Rogers v. Zant</u>, 13 F.3d 384, 386 (11th Cir. 1994)).

## Ground 1: Failure to Advise Regarding Sentence

Petitioner first contends that his trial counsel rendered ineffective assistance by failing to advise him that he was facing a life sentence for trafficking in cocaine. ECF No. 1 at 4. He contends that his counsel told him in an October 2011 interview that the State was offering ten years in prison in exchange for a guilty plea, but never advised him that if he was found guilty at trial of trafficking in cocaine, he faced a life sentence. *Id.* Petitioner argues that he rejected the ten-year plea offer because he did not know the extent of the possible sentence, and that he thought the offense carried a maximum of five years in prison as, he contends, Texas law did. *Id.* Several months later, he contends, counsel told him the State was offering a 25 year sentencing cap, which he rejected by telling counsel that the most he would get would be 25 years if he were found guilty at

trial—a belief he says counsel did not correct. However, he also states,

"Obviously, the Petitioner's belief was incorrect, and at this time counsel

informed Petitioner that if he lost at trial he was going to get life." ECF No. 1

at 4. He argues that if he had known the offense carried a life sentence, he

would have taken the ten-year plea deal.

Petitioner raised this same claim in his Rule 3.850 motion. Ex. K at

49. At the evidentiary hearing, Petitioner testified substantially in accord

with his motion and further stated that he did later accept a plea deal for a

concurrent ten-year sentence for some other cocaine offenses. Ex. K at

92. Petitioner testified that he received the ten-year offer in October or

November 2011 and it was the judge who informed him in December 2011

about the maximum life sentence. *Id.* at 91, 93-94. He also testified that a

February 27, 2012, letter to his counsel from the prosecutor setting forth

the ten-year plea offer, which also mentioned the maximum sentence, was

not shown to him and that when he did learn of the possible life sentence,

the ten-year offer was not on the table. *Id.* at 94-95, 115.

Trial counsel testified at the evidentiary hearing that no plea offer was

extended prior to the February 27, 2012, letter, which he took to Petitioner

at the jail and discussed with him. Ex. K at 101, 103. Counsel testified

they had already discussed the fact that the offense carried a life sentence

but they discussed it again. *Id.* He said he previously discussed with Petitioner that fact that he had an upward enhancement potential of life in prison well before the ten-year plea offer. *Id.* at 102. Counsel testified that Petitioner's response was that he "wanted the case to resolve itself when the federal case resolved itself," referring to a separate federal criminal prosecution against Petitioner. *Id.* at 103. Counsel described Petitioner as being "adamant" about not accepting a plea offer in excess of the prison time he received for his federal offense. Ex. K at 107. Counsel said that he advised Petitioner that was not going to happen. *Id.* Counsel testified that prior to the letter, the prosecutor advised him that he was not inclined to dismiss the case, but would send him an offer that was thought to be acceptable. *Id.* at 104.

The post-conviction court denied the claim, stating:

> At the hearing, Defendant's trial counsel [ ] testified that when the State had made the initial plea offer, he advised Defendant that life was the maximum possible sentence if he chose to reject the plea and go to trial. Indeed, the offer was conveyed to the defense in a letter (State's Exhibit 1) in which the prosecutor pointed out that Defendant was facing life. The written plea offer, or "Sentence Recommendation" (State's Exhibit 2) also notes that the maximum sentence was life. [Defense counsel] testified that he reviewed those documents with Defendant, but that Defendant was "adamant that he was not accepting any plea offer which was in excess of the amount of time that was sentenced in federal court," which, as counsel recalled, was approximately 78 months.

> The Court finds [defense counsel] to be credible.
> Therefore, the Court finds that Defendant's rejection of the
> State's plea offer was not based on counsel's misadvice and
> Defendant is not entitled to relief on this claim.

Ex. K at 123-24.  The state First District Court of Appeal affirmed.  Ex. O.

The adjudication of the state court is entitled to AEDPA deference.

The post-conviction court found trial counsel's testimony credible that he did advise Petitioner prior to receipt of the ten-year plea offer that the possible maximum sentence in the case was life.  Under § 2254(d), federal courts have "no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." Marshall v. Lonberger, 459 U.S. 422, 434 (1983).  "Determining the credibility of witnesses is the province and function of the state courts, not a federal court engaging in habeas review."  Consalvo v. Sec'y, Dep't of Corr., 664 F.3d 842, 845 (11th Cir. 2011).  Credibility and demeanor of a witness are considered to be questions of fact entitled to a presumption of correctness under the AEDPA and the Petitioner has the burden to overcome the presumption by clear and convincing evidence.  *Id.*  This burden has not been met.

Even if trial counsel had failed to advise Petitioner of the possible life sentence prior to receipt of the ten-year plea offer, Petitioner has failed to establish that he would have accepted the ten-year plea deal.  Trial counsel

testified, and the trial court believed, that Petitioner was adamant he would
not accept any plea that exceeded the prison time called for under his
federal sentence, which counsel testified he believed was 78 months. The
Supreme Court in Hill v. Lockhart, 474 U.S. 52 (1985), applied the
Strickland standard to a claim that counsel failed to correctly advise a
defendant concerning his possible sentence, and required that the
defendant prove that but for counsel's alleged deficient performance, there
is a reasonable probability that the result of the proceeding would have
been different. *Id.* at 57. In this case, that means Petitioner was required
to show that but for counsel's alleged error, he would have accepted the
plea offer. In light of counsel's testimony, however, this requirement has
not been met. Nor has Petitioner demonstrated that even if he had agreed
to the plea offer, it would have been accepted by the trial court and that he
would have received a ten-year sentence. These requirements must also
be met.[6]

---

[6] In Alcorn v. State, 121 So. 3d 419 (Fla. 2013), relied on by the post-conviction court,
the Florida Supreme Court cited Missouri v. Frye, 566 U.S. 133, 147 (2012), and Lafler
v. Cooper, 566 U.S. 156, 164 (2012). In those cases, the Supreme Court required that
a defendant must demonstrate a reasonable probability that (1) he would have accepted
a plea offer but for counsel's ineffective assistance; (2) the plea would have been
entered without the prosecution canceling it or the trial court refusing to accept it; and
(3) the plea would have resulted in a lesser charge or a lower sentence.

For all these reasons, the requirements of § 2254(d) have not been satisfied and Petitioner has failed to show that the state court adjudication was unreasonable in rejecting his claim that counsel's performance was deficient. Accordingly, habeas relief on Ground 1 should be denied.

### Ground 2: Failure to Obtain a Competency Evaluation

In this ground, Petitioner contends that trial counsel rendered ineffective assistance by failing to have him evaluated for competency because, he argues, he did not have sufficient ability to consult with his attorney with a reasonable degree of rational understanding. ECF No. 1 at 6. He argues that prior to trial, he began taking psychotropic medications prescribed to himself and to other inmates in the county jail, including Welbutrin and Cinaquan. *Id.* He contends that when he told his counsel that a good defense would be evidence tampering and sloppy police work which could be proven by admission of evidence of his other drug sales, his counsel told him it was ludicrous. He cites this as a basis to conclude he was evidencing bizarre thinking and poor reasoning, thus requiring counsel to have his competency evaluated. *Id.* He argues that his conduct evidenced a delusional mind with a "misshaped" sense of reality. *Id.* at 7. In addition, he contends that his inquiry to counsel and insistence that counsel inquire of the court whether the court was communicating with the

State via laptop computer is evidence of paranoia. *Id.* This claim was raised in Petitioner's Rule 3.850 motion. Ex. K at 55.

At the evidentiary hearing, Petitioner testified that he had a history of substance abuse and that while in jail, prior to trial, he was taking Welbutrin, which was prescribed for him, and some other medications that were prescribed for other inmates. Ex. K at 90-91. He said he told his counsel that he was having problems with coping and that he was not feeling well. *Id.* at 91. He said he told counsel he had been taking medication and that he felt like everyone was against him. He described his feeling as that of paranoia. *Id.*

Trial counsel testified at the evidentiary hearing that, in the past, he has asked for competency evaluations of defendants when their conduct triggers it, by having hallucinations, lack of understanding of the charge or the proceedings, or by their reactions to him. Ex. K at 104-05. He testified that Petitioner did not exhibit any of these signs. Counsel did not recall Petitioner telling him he was not sleeping well, although that could occur when a defendant is facing charges carrying a life sentence. *Id.* at 105. Counsel also testified that he did not recall receiving letters from Petitioner indicating he did not feel right. Ex. K at 109.

Trial counsel explained that part of Petitioner's proposed trial strategy was to bring in evidence of other drug charges. *Id.* at 105-06. He said that Petitioner indicated this might show the police were tampering with the evidence in this case because the amount of drugs reported in this case "was not nearly as much as he actually had transacted." *Id.* at 106. Trial counsel testified that he did not think this suggestion, although he believed it to be without merit and very risky, was evidence of incompetency. *Id.* at 106. He stated,

> Not ever did I feel that he was hallucinating, that he was not oriented to time and place, that he did not understand the charges.
> We discussed facts. We discussed facts in great detail. He said to me things about the facts that were very specific. My recollection is, in March and April, we were taking a considerable number of depositions. I had filed several motions with the Court asking to be able to take some expanded discovery to develop the defense of entrapment. That was granted. And in my discussions with him about what I had learned at depositions, he gave me responses which were appropriate for the facts that I had conveyed to him.

Ex. K at 108-09. The post-conviction court denied relief, stating:

> At the evidentiary hearing in this matter, [defense counsel] testified that on the numerous occasions that he consulted with Defendant before trial, Defendant was able to discuss relevant facts specifically and never seemed confused about what was happening or the charges against him. The Court again finds [defense counsel] to be credible.
> . . . . Furthermore, feeling depressed and paranoid does not rise to the level of incompetency. Even if Defendant concocted an unusual defense strategy, the record reflects that

he was oriented to the nature of the proceedings and able to
communicate with both his attorney and the Court.
Consequently, the Court finds that Defendant's attorney had no
indication that Defendant might not be competent; and
therefore, trial counsel was not deficient for failing to request a
competency evaluation.  <u>See</u> <u>Lawrence v. State</u>, 969 So. 2d
294, 313-314 (Fla. 2007).  <u>See also</u> <u>Lamarca v. State</u>, 931 So.
2d 838, 847-848 (Fla. 2006).  Defendant is not entitled to relief.

Ex. K at 125 (footnote omitted).  Petitioner appealed denial of relief on this

claim to the state First District Court of Appeal, which affirmed.  Ex. O.

Florida Rule of Criminal Procedure 3.210 provides that if the court or

counsel has reasonable grounds to believe that the defendant is not

mentally competent to proceed, the court shall set a time for a hearing on

competency.  Fla. R. Crim. P. 3.210(b).  A written motion by counsel for the

defendant must contain a certificate that the motion is made in good faith

and on reasonable grounds to believe that the defendant is incompetent.

Fla. R. Crim. P. 3.210(b)(2).  "It has long been accepted that a person

whose mental condition is such that he lacks the capacity to understand the

nature and object of the proceedings against him, to consult with counsel,

and to assist in preparing his defense may not be subjected to a trial."

<u>Drope v. Missouri</u>, 420 U.S. 162, 171 (1975).  A defendant must have a

"sufficient present ability to consult with his lawyer with a reasonable

degree of rational understanding," which includes a "rational as well as

factual understanding of the proceedings against him."  <u>Dusky v. United</u>

<u>States</u>, 362 U.S. 402, 402 (1960). "In order to demonstrate prejudice by counsel's failure to investigate his competency, petitioner has to show that there exists 'at least a reasonable probability that a psychological evaluation would have revealed that he was incompetent to stand trial.' " <u>Futch v. Dugger</u>, 874 F.2d 1483, 1487 (11th Cir. 1989) (quoting <u>Alexander v. Dugger</u>, 841 F.2d 371, 375 (11th Cir. 1988)).

The Florida Supreme Court has indicated that in order to demonstrate ineffective assistance of counsel for failure to seek a competency hearing, the Petitioner must show that the attorney knew Petitioner lacked a rational or factual understanding of the proceedings and did not have a present ability to consult with the lawyer. *See* <u>Lamarca v. State</u>, 931 So. 2d 838, 848 (Fla. 2006). "Where there is no evidence calling a defendant's competency into question counsel is not bound to seek an evaluation under Florida Rule of Criminal Procedure 3.210." <u>Groover v. State</u>, 574 So. 2d 97, 99 (Fla. 1991).

Trial counsel testified that there was no indication in Petitioner's conduct or conversations about the case that he was mentally incompetent or unable to understand the proceedings and assist in his defense. In fact, counsel testified to the contrary, that Petitioner provided appropriate comments regarding discovery and could intelligently discuss the facts of

the case.  The post-conviction court found trial counsel's testimony to be the most credible.  This credibility determination is entitled to a presumption of correctness.  Further, Petitioner failed to provide any evidence establishing a reasonable probability that a psychological evaluation would have revealed that he was incompetent to stand trial.

Prior to trial, the judge conducted a colloquy with Petitioner and his counsel, outside the presence of the prosecutor, after the court was advised that Petitioner wanted his counsel to present evidence of his other cocaine sales to undercover officers in order to suggest evidence tampering occurred in this prosecution of only one sale of cocaine.  Ex. B at 5-11 (transcript pagination).  During the colloquy, the court questioned Petitioner in depth about his reasons for wanting to pursue this strategy, and advised him of the pitfalls of such a defense.  Petitioner was responsive to the judge's questions and comments and did not, by his responses, appear lacking in a rational understanding of the proceedings. Prior to opening statements, the court again questioned Petitioner about his decision to pursue this defense strategy and Petitioner again appeared to fully understand the inquiry and answered the judge's questions appropriately, indicating that he did still wish to pursue the strategy.  Ex. B at 132-34.

Even though counsel disagreed with Petitioner's suggested trial strategy to put into evidence other instances of his drug sales to prove evidence tampering, this line of defense was pursued at trial as Petitioner requested, and again on direct appeal, based on omissions and inconsistencies in the evidence records. *See, e.g.,* Ex. A at 21-23 (amended motion to suppress); Ex. B at 152-54; 156 (opening statement); Ex. D at 474-480 (closing argument); Ex. E.

The fact that a defendant, who has not otherwise indicated any basis to find incompetency, insists on following an unwise defense strategy is not evidence that the defendant is incompetent and unable to rationally and factually understand the proceedings and assist counsel. The fact that Petitioner was feeling depressed before the trial and was taking prescribed medication and self-medicating is also not evidence of Petitioner's lack of rational or factual understanding of the proceedings or lack of sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding. Even the fact that a defendant has a mental illness is not enough, standing alone, to find that he or she is incompetent to stand trial. "[N]ot every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a <u>present</u> inability to assist counsel or understand the charges." <u>Battle v. United</u>

States, 419 F.3d 1292, 1299 (11th Cir. 2005) (quoting Medina v. Singletary, 59 F.3d 1095, 1107 (11th Cir. 1995) (quoting United States ex rel. Foster v. DeRobertis, 741 F.2d 1007, 1012 (7th Cir. 1985))).  "Similarly, neither low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior can be equated with mental incompetence to stand trial."  *Id.*  Treatment with anti-psychotic drugs does not per se render a defendant incompetent to stand trial.  *Id.*  The state court found trial counsel's testimony credible that Petitioner had a rational and factual understanding of the proceedings and could consult with and assist counsel.  Petitioner presented no evidence to the contrary.  The adjudication of the state court that trial counsel did not render ineffective assistance is entitled to a high level of deference in this proceeding.

Based on the testimony presented at the evidentiary hearing and the trial court record, the post-conviction court's adjudication has not been shown to be unreasonable.  It has not been shown to be contrary to or an unreasonable application of any federal law as determined by the Supreme Court.  Nor did Petitioner show that the state court's adjudication that counsel's performance was not deficient was based on an unreasonable determination of the facts.  Accordingly, habeas relief on Ground 2 should be denied.

## Conclusion

Based on the foregoing, Petitioner Miguel Angel Rios is not entitled to federal habeas relief.  Accordingly, the § 2254 petition (ECF No. 1) should be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any argument as to

whether a certificate should issue by objections to this Report and

Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed.

R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is

filed, the court may certify appeal is not in good faith or party is not

otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that the Court **DENY** the

§ 2254 petition (ECF No.1).  It is further **RECOMMENDED** that a certificate

of appealability be **DENIED** and that leave to appeal in forma pauperis be

**DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on August 17, 2017.


**s/ Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this
Report and Recommendation, a party may serve and file specific
written objections to these proposed findings and recommendations.
Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon
all other parties.  A party may respond to another party's objections
within fourteen (14) days after being served with a copy thereof.  Fed.
R. Civ. P. 72(b)(2).  Any different deadline that may appear on the
electronic docket is for the Court's internal use only and does not**

**control**.  **If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**